■ In the Matter of the Claim of BEATRICE CURRIE, Respondent, v. MEDICAL COACHES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensa-

tion·Board, filed December 12, 1967, which affirmed the Referee's award of compensation benefits to Ralph Currie, since deceased, ·for permanent total disability found to be due to chronic pulmonary emphysema, an occupational disease. Decedent worked spraying paint and undercoating, painting by brush and sanding for Medical Coaches, Inc., builder of mobile medical units, covering a period of slightly more than a year prior to January 23, 1960 when he became sick, experiencing severe chest pains and considerable difficulty in breathing. The record contains evidence detailing the lack of ventilation and the presence of inordinate particles and fumes from paints and related volatile substances, as well as medical testimony that this last employment of said employee was the cause of the pulmonary emphysema. There is substantial evidence to support the board's finding that Currie, by reason of his exposure to and inhalation of irritative paint fumes during the course of his work as a spray painter for Medical Coaches, Inc., contracted the occupational disease of pulmonary emphysema, permanently and totally disabling and causally related (cf. *Matter of Levine* v. *City of Syracuse*, 29 A D 2d 584; *Matter of Nick* v. *Meyer Co.*, 26 A D 2d 878; *Matter of Hayden* v. *M & R Linoleum & Carpet Co.*, 24 A D 2d 788); and the selection of the opinion of said original claimant's expert, over other medical opinion in the record, was an exercise of fact-finding power entirely within the province of the board, it not being this court's function to decide which expert opinion is more weighty or persuasive (*Matter of Carrasquillo* v. *Santini Bros.*, 13 N Y 2d 245, 248; *Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529, 532–533). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.